IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY P. HEARD, JR.,

                              Plaintiff,

    v.                                                                                                    OPINION and ORDER

LT. TAYLOR and SGT. SAYLOR,                                                    20-cv-555-jdp

                              Defendants.

---

Plaintiff Anthony P. Heard, Jr., appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Heard alleges that correctional officers gave him medication after his prescription for that medication ended. He seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Heard's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Heard's complaint does not state a claim for relief because he does not allege wrongdoing severe enough to violate the United States Constitution. I'll give him a chance to supplement his complaint to further explain his claims.

ALLEGATIONS OF FACT

Heard had been prescribed lithium, a psychotropic medication, but that medication was discontinued on March 9, 2019. At some point shortly after, Heard "was angry having an [outburst] about the medication." Dkt. 1, at 2. It's unclear whether Heard means that he was upset about the medication being discontinued. Despite the cancellation of the medication, defendant Sergeant Saylor asked his supervisor, Lieutenant Taylor, if he could give Heard lithium to "keep him from acting out." *Id.* Rather that discussing the issue with nursing staff as is required by prison rules, Taylor approved Saylor giving Heard lithium. Heard describes the lithium as being "expired." By that it's unclear whether Heard is referring to his prescription having been discontinued or whether he means that the medication he was given that day was expired.

Within a few days, Heard began experiencing pain in his side. Heard talked to nurses about the problem on March 15. Heard believes that the pain was caused by the medication or his fearful reaction to having taken it; he bases this belief on his experience taking lithium for most of his life. Heard won a grievance about the incident.

ANALYSIS

Heard contends that defendants violated the Eighth Amendment to the United States Constitution by giving him lithium even after his prescription for it was discontinued. The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579,

2

584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Unlike many cases in which a prisoner contends that officials failed to treat a medical problem, I take Heard to be saying that defendants *caused* a medical problem by giving him lithium even though his prescription had been discontinued. But Heard's allegations are insufficient to state an Eighth Amendment claim. It's clear that security staff shouldn't be making their own decisions about dispensing medications; that's a job for medical staff. But there's little reason to think that one extra dose of a medication that Heard says he had taken for most of his life could cause a problem serious enough to violate the Eighth Amendment.

Heard says that he suffered side pain days later, and that he knows that the pain was caused by the lithium because of his experience taking it. But that statement is too vague to support a reasonable inference that he was indeed harmed by one extra dose. Heard also perhaps suggests that the lithium had reached its expiration date, but there's no reason to think that this would make the medication dangerous. And even if his pain was caused by the lithium,

3

he doesn't explain whether defendants had reason to know that he would be harmed by it. Defendants were perhaps negligent in dispensing it, but that's not enough to state a constitutional claim, and Heard cannot maintain a diversity-jurisdiction case in this court: he alleges that he and defendants are all Wisconsin citizens.

So as currently constructed, Heard's complaint does not state a claim for relief. But because he appears pro se, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). It's possible that Heard could provide more detail that would explain why receiving the extra dose was so dangerous, how he knows that his pain was caused by the medication, or how he knows that defendants were aware of a risk of harm in giving him the medication. So I will give him a chance to file a supplement to his complaint to include any such information. If Heard fails to respond to this order, I will conclude that he fails to state a claim upon which relief may be granted, and I will assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Anthony P. Heard, Jr. may have until July 28, 2020, to submit a supplement to his complaint.

Entered July 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge