IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY P. HEARD, JR.,

                    Plaintiff,

v.

LT. TAYLOR and SGT. SAYLOR,

                    Defendants.

OPINION and ORDER

20-cv-555-jdp

---

    Plaintiff Anthony P. Heard, Jr., appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Heard alleges that correctional officers gave him a dose of lithium to "keep him from acting out" despite Heard no longer having an active prescription for that medication. In a July 7, 2020 order, I stated that Heard's complaint did not state a claim for relief because he did not allege wrongdoing severe enough to violate the United States Constitution. Dkt. 7. Heard's allegations perhaps supported a state-law negligence claim, but it was clear that diversity jurisdiction was not present. *Id.* I gave Heard a chance to supplement his complaint because it was possible that he could provide more detail explaining why receiving the extra dose was particularly dangerous, how he knows that his pain was caused by the medication, or how he knows that defendants were aware of a risk of harm in giving him the medication.

    Heard has filed a supplement, Dkt. 8, explaining that some common side effects of lithium are kidney failure and abdominal and side pain. He indeed suffered side pain after taking the dose. He says that one of the reasons his medication was discontinued was so that his kidney function could be tested; he says that while taking three doses of lithium a day his kidney "levels" had indeed increased, which I take to be a warning sign of impaired kidney function. He states that when he previously said that defendants gave him "expired"

medication, he meant that the prescription was expired, not that the medication itself had passed its expiration date. He also explains that correctional staff is trained to know the side effects of the medications they administer, and that the distribution system would have warned defendants that his prescription was no longer active.

Heard's supplement is helpful to better understand the circumstances under which he was given the extra dose of lithium. But he still fails to state a claim under the Eighth Amendment to the United States Constitution. As I previously explained to him, the Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976).  Assuming that Heard's allegations are true, defendants violated prison protocols by giving Heard a medication that he was no longer prescribed. But violations of prison rules aren't automatically Eighth Amendment violations, *see, e.g.*, *Earl v. Karl*, 721 F. App'x 535, 537 (7th Cir. 2018), and there's no reason to think that defendants gave him the medication with the intent of harming him.

Non-intentional acts can violate the Eighth Amendment but the standard is extremely difficult to meet. Even gross negligence is not enough to violate the Eighth Amendment; rather, the defendant must act with a sufficiently "culpable state of mind, something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). Heard alleges that his kidney "levels" had been high while taking three doses of lithium a day, but there's no indication that defendants knew that. Heard's allegations do not plausibly support a theory that defendants acted in a criminally reckless way because there's no reason to think that they would have perceived a grave risk to Heard from giving him a single dose of a medication that he had previously been taking three times a day. As I previously stated, Heard may have negligence claims that he can bring in state court, but he fails to state a claim for relief that can

be granted in this federal court. So I will dismiss this case and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. Because this case is being dismissed for one of the reasons listed in 28 U.S.C. § 1915(g), the clerk of court is directed to record a "strike" against plaintiff. *See Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010). If plaintiff receives three strikes under § 1915(g), he will not be able to proceed in future cases without prepaying the full filing fee unless he is in imminent danger of serious physical injury.

3. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered July 16, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge